**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joše Mario NASH, Defendant–Appellant.**

**No. 90–30317.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 1991.*

Decided Oct. 4, 1991.

Michael W. Lynch, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WRIGHT, Senior Circuit Judge, and FARRIS and TROTT, Circuit Judges.

FARRIS, Circuit Judge:

Jose Mario Nash appeals his jury conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). Nash argues that the district court erred in: (1) failing to suppress evidence seized at the time of Nash's arrest; (2) not dismissing the indictment because of a Speedy Trial Act violation; (3) admitting allegedly tainted identification testimony into evidence; and (4) denying Nash's acquittal motion. We affirm.

I. *Speedy Trial*

■ The Speedy Trial Act provides a seventy day limit from the date of the information or indictment or the date on which the defendant appears before a judicial officer of the court, whichever occurs last, to the commencement of the trial. 18 U.S.C. § 3161(c)(1). Certain periods of time are excludable. Dismissal is required if the seventy day period is exceeded. 18 U.S.C. § 3162(a)(2). We review the district court's findings concerning the Act for clear error and questions concerning application of the Act *de novo. United States v. Karsseboom,* 881 F.2d 604, 606 (9th Cir.1989).

The district court correctly held that the period from December 16, 1988, to February 8, 1990, is excludable under 18 U.S.C. § 3161(h)(1)(D). *See United States v. Allsup,* 573 F.2d 1141, 1144 (9th Cir.), *cert. denied,* 436 U.S. 961, 98 S.Ct. 3081, 57 L.Ed.2d 1128 (1978). The district court also correctly held two other periods excludable: (1) April 5, 1990, to April 20, while a motion by Nash was pending before the court, and (2) May 7, 1990, to June 4, while another of Nash's motions was pending. We must determine whether the period between Nash's state sentence on February 8, 1990, and the date the government filed a motion for writ of habeas corpus ad prosequendum, March 5, 1990, is excludable. If this period is included, sev-

enty-two days expired before the first day of Nash's trial.[1]

The district court held that the period beginning on February 9, 1990, the day after Nash's state sentencing, and ending on March 5, 1990, the date the writ of habeas corpus ad prosequendum was issued, was excludable under 18 U.S.C. § 3161(h)(3)(A). The specific terms of the statute preclude its application to Nash. Nash was serving his state sentence during the February 9 to March 5 time period. Under § 3161(h)(3)(B),

> [A] defendant ... is absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence.... [A] defendant ... [is] unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3)(B). The government had the ability to obtain Nash's presence by use of the writ. There was a seventy-two day delay between indictment and trial. We would normally remand for a determination of whether two days were reasonably expended in travel time *and,* if not, whether dismissal should be with or without prejudice.

■ The reason for the two day delay is not disputed, however. It resulted from proceedings in another tribunal and transportation of Nash from the state institution to federal custody. The Speedy Trial Act presumes reasonableness for all transportation times of ten days or less and allows the first ten days of transportation to be excluded. 18 U.S.C. § 3161(h)(1)(H). We therefore hold, as a matter of law, that a two day delay under these circumstances did not violate the Speedy Trial Act even if it could be shown that Nash could have been before the court within seventy days instead of seventy-two.[2]

---

**1.** This total includes December 15, 1988, February 9, 1990 through April 4, and April 21, 1990 through May 6.

**2.** We have held that a five month delay between indictment and trial did not violate the defendant's Sixth Amendment right to a speedy trial. *United States v. Valentine,* 783 F.2d 1413, 1417 (9th Cir.1986).

## II. Arrest

■ The record demonstrates that there was probable cause to arrest Nash. After the robbery, a description of the robber was broadcast over the police radio describing him as an African–American male in his early twenties, approximately five feet, seven inches in height, having an afro haircut, and wearing light-colored clothing. Two hours later, a store clerk telephoned police to report a man fitting the description, displaying large quantities of cash, and talking about taking a cab from Yakima to Seattle, a trip costing several hundred dollars. The police confirmed the report with the cab company. When they approached the cab in which Nash was sitting, he exited the cab and attempted to leave the scene. He was stopped by police, who determined that he matched the description given with the exception of clothing color. We find probable cause existed to arrest Nash.

## III. Identification Testimony

■ To determine whether an out-of-court identification procedure is so impermissibly suggestive as to taint subsequent identification testimony in deprivation of the defendant's due process rights, we examine the totality of the surrounding circumstances. *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985), *cert. denied,* 475 U.S. 1023, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). If the procedure was impermissibly suggestive, we decide if the identification testimony (whether concerning the out-of-court identification or a subsequent in-court identification) is nonetheless sufficiently reliable to be admitted into evidence. *Id.* The district court determined that the out-of-court identification in this case was not impermissibly suggestive.

We need not resolve whether the district court's conclusion is reviewed *de novo* or for abuse of discretion because even under the *de novo* standard, the government prevails. *See United States v. Givens,* 767 F.2d 574, 580 (9th Cir.), *cert. denied,* 474 U.S. 953, 106 S.Ct. 321, 88 L.Ed.2d 304 (1985) (*de novo*); *contra United States v. Gregory,* 891 F.2d 732, 734 (9th Cir.1989) (abuse of discretion). As we noted in *United States v. Dring,* 930 F.2d 687, 692 (9th Cir.1991), *Gregory* is not supported by either *Givens* or *United States v. Domina,* 784 F.2d 1361, 1369 (9th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987). Moreover, except for *Gregory,* we have reviewed out-of-court identification procedures *de novo. See Bagley,* 772 F.2d at 492; *United States v. Givens,* 767 F.2d at 580; *United States v. Love,* 746 F.2d 477, 478 (9th Cir.1984). Even reviewing the district court's holding *de novo,* the out-of-court photospread was not unduly suggestive.

■ Nash criticizes the photospread because one of the photographs was of a Latino man, only Nash and two others had light complexions, and only Nash and the man Nash contends is Latino had afro hairstyles. We find the photospread to be a balanced presentation that was not suggestive.

## IV. Motion for Acquittal

■ Nash argues that his motion for acquittal should have been granted because there was no substantial relevant evidence that the taking of money from the teller was by "force and violence, or by intimidation." 18 U.S.C. § 2113(a). The district court's ruling on Nash's motion was not error.

The government need only prove that the taking of money was by intimidation. *United States v. Higdon,* 832 F.2d 312, 314 (5th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988). This circuit has held that the threat implicit in a written or verbal demand for money is sufficient evidence to support the jury's finding of intimidation. *United States v. Hopkins,* 703 F.2d 1102, 1103 (9th Cir.), *cert. denied,* 464 U.S. 963, 104 S.Ct. 399, 78 L.Ed.2d 341 (1983) (court upheld robbery conviction where defendant spoke calmly, made no threats, and was unarmed).

We have carefully examined all assignments of error.

AFFIRMED.