958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. DYER, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 91-35211.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard J. Dyer, a Washington state prisoner, appeals pro se the denial without an evidentiary hearing of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for two counts of first degree rape. Dyer contends that (1) the trial court denied him a fair trial by refusing to suppress identification testimony; (2) the trial court denied him a fair trial by refusing to sever the trial of other counts from the trial of the two rape counts; and (3) his sentence was improper. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 On January 28, 1982, Dyer was convicted of three counts of first degree rape, one count of first degree burglary, and one count of unlawful imprisonment. On August 14, 1984, the Washington Court of Appeals reversed the convictions for which the victim was "Ms. W", Dyer's former wife, and affirmed the two rape convictions for which the victims were "Ms. A" and "Ms. B". For these two remaining convictions, Dyer was sentenced to two concurrent terms of life imprisonment. The Washington Indeterminate Sentence Review Board (ISRB) set his minimum term at 240 months.
 
 
 4
 We review de novo the denial of a habeas petition. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991). A state court procedural or evidentiary ruling is not subject to federal habeas review unless the alleged error deprived the petitioner of the fundamentally fair trial guaranteed by due process. Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 5
 Dyer contends that the state trial court deprived him of a fair trial by denying his motion to suppress Ms. B's in-court identification of him as the rapist. This contention lacks merit. Tainted identification testimony is admissible if it nonetheless is reliable. United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991); United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989). To determine whether an identification is reliable, the trial court must consider: " ' [T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' " Gregory, 891 F.2d at 734 n. 2 (quoting Neil v. Biggers, 409 U.S. 188, 199-200 (1972)); see also United States v. Dring, 930 F.2d 687, 692-93 (9th Cir.1991).
 
 
 6
 Here, shortly after the rape, Ms. B saw Dyer in the street. During the trial one and one half years later, she saw him being led into the courtroom in handcuffs. She subsequently identified him during her testimony. After an evidentiary hearing on the motion to suppress, the trial court found that Ms. B's inadvertent sight of Dyer in the courthouse hall could have tainted her identification of him, but that the taint did not "rise to the level of a substantial likelihood of irreparable misidentification." The state appellate court found that "[u]nder the totality of the circumstances, Ms. B's identification was sufficiently reliable."
 
 
 7
 The one and one half years between the crime and the trial was a relatively long time, and when Ms. B reported the crime she told the police that she would not be able to identify the rapist. Nonetheless, she had several opportunities to view the rapist during the crime, and the physical description that she gave the police resembled Dyer. Furthermore, at the suppression hearing she repeatedly testified that she was certain Dyer was the rapist. Under the totality of these circumstances, the identification testimony was sufficiently reliable. See Gregory, 891 F.2d at 734. Accordingly, the district court did not err by finding that the admission of the testimony comported with due process. See Jammal, 926 F.2d at 919-20. Dyer also contends that Ms. B's testimony denied him due process because her mention of his appearance in handcuffs could have prejudiced the jury against him. We do not address this contention because Dyer did not raise it below. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 8
 Dyer further contends that the trial court denied him a fair trial by refusing to sever the trial of the counts involving Ms. W from the trial of the two rape counts involving Ms. A and Ms. B. To warrant federal habeas relief, joinder must render the state trial fundamentally unfair. Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991). Joinder may prejudice a defendant if he presents separate defenses for the offenses or for other reasons. United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir.1987). Joinder does not heighten prejudice, however, if all of the evidence of the separate count would be admissible upon severance. Id.
 
 
 9
 Here, Dyer's defense was consent as to Ms. W and misidentification as to Ms. A and Ms. B. The state courts found, and Dyer does not dispute, that under Washington law, the acts involving Ms. W would have been admissible in a separate trial of the offenses involving Ms. A and Ms. B as evidence of modus operandi to show identity. Accordingly, the district court did not err by finding that the joint trial did not prejudice Dyer as to the offenses involving Ms. A and Ms. B and therefore did not render the trial fundamentally unfair. See Featherstone, 948 F.2d at 1503; Johnson, 820 F.2d at 1070.
 
 
 10
 Dyer's final claim below was that the ISRB erred in its application of the Washington state sentencing guidelines. Such a claim is not cognizable in federal habeas corpus proceedings unless the alleged state error was arbitrary or so fundamentally unfair as to deny the petitioner due process. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989). On appeal, Dyer has recast his claim as an ex post facto challenge, which we do not address. See Willard, 812 F.2d at 465.
 
 
 11
 Dyer has filed a motion for appointment of counsel on appeal. In deciding whether to appoint counsel, we must evaluate Dyer's ability to articulate his claims in light of the complexity of the legal issues involved and the likelihood of success on the merits. 18 U.S.C. § 3006A(2)(B); Weygardt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Here, the legal issues are relatively straightforward, and Dyer's filings are relatively articulate. Moreover, as discussed above, his claims lack merit. Accordingly, we deny his motion for appointed counsel. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3