963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Wesley HELMS, Defendant-Appellant.
 No. 90-50594.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 18, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and GEORGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 "To determine whether an out-of-court identification procedure is so impermissibly suggestive as to taint subsequent identification testimony in deprivation of the defendant's due process rights, we examine the totality of the surrounding circumstances." United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991). If the show-up was not impermissibly suggestive, the inquiry ends. United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 415 U.S. 1023 (1986). Even if impermissibly suggestive, the show-up is admissible if found to be sufficiently reliable. See Manson v. Brathwaite, 432 U.S. 98, 113-14 (1977). In order to determine whether John Wesley Helms' show-up was impermissibly suggestive, we review government conduct tending to focus the witness' attention on the defendant. United States v. Burnette, 698 F.2d 1038, 1045 (9th Cir.), cert. denied, 461 U.S. 936 (1983).
 
 
 4
 The show-up was impermissibly suggestive. Inyoung Yu was driven to the place of arrest to identify a possible suspect. Helms was in the back seat of a police car, surrounded by police. One of the officers said: "All you have to do is go there and identify him." The setting and the circumstances failed to promote an objective identification.
 
 
 5
 The identification procedure was flawed and suggestive, but even impermissibly suggestive testimony is admissible if sufficiently reliable. See Manson v. Brathwaite, 432 U.S. 98, 113-14 (1977); Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (listing factors). During the course of the alleged crime, Yu had ten minutes to view the perpetrator, her degree of attention was high, she made a detailed initial description, and she was very certain about her later identification of the suspect. Three to four hours passed between the crime and the confrontation, but all Biggers factors support admission. Cf. Biggers, 409 U.S. at 201 (seven month delay permissible).
 
 
 6
 Helms also contends that the district court improperly admitted Officer Cousine's testimony regarding his radio conversation with the police helicopter. A declaration is admissible if it is not offered to prove the truth of the matter asserted, but for some other purpose. United States v. Sanchez-Lopez, 879 F.2d 541, 554 (9th Cir.1989).
 
 
 7
 Officer Cousine testified that "the air unit was telling me that the suspect was in the rear of the house," and "the air unit was advising me that the suspect was in the rear yard." Helms argues that this testimony was offered to prove that the suspect robbed the bank. The government contends that the testimony was admissible to prove Officer Cousine's conduct.
 
 
 8
 Even if the testimony was hearsay, we need not reverse because any error was harmless beyond a reasonable doubt. "Any error, defect, irregularity or variance which does not affect substantial rights should be disregarded." Fed.R.Crim.P. 52(a). The evidence against Helms was overwhelming and included: 1) photographs; 2) eyewitness testimony; 3) clothing and a white plastic bag used by the robber; and 4) one thousand dollars found in Helms' pocket.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3