21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenner Fitzgerald JACKSON, Defendant-Appellant.
 No. 92-50682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 25, 1994.*
Decided April 6, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenner Fitzgerald Jackson appeals his conviction, following jury trial, for escape from custody in violation of 18 U.S.C. Sec. 751. We affirm.
 
 
 3
 Jackson first contends that the district court erred by denying his motion to dismiss the indictment because he was not indicted within 30 days of his arrest for escape on March 2, 1992, as required by the Speedy Trial Act, 18 U.S.C. Sec. 3161(b). We review the district court's findings of fact concerning the Speedy Trial Act for clear error, and questions concerning the application of the Act de novo. United States v. Nash, 946 F.2d 679, 680 (9th Cir.1991).
 
 
 4
 Jackson's claim must fail because "the speedy trial clause has no application where, as here, the government dismissed charges in good faith." United States v. Moran, 759 F.2d 777 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986). See also United States v. MacDonald, 456 U.S. 1, 7 (1982). Any delay which occurs where charges are dismissed, then re-filed, "must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." MacDonald, 456 U.S. at 7.
 
 
 5
 Here, the court granted the Government's motion to dismiss the escape charge against Jackson without prejudice on March 5, 1992. The grand jury returned the indictment charging Jackson with escape on May 26, 1992. Because the Speedy Trial Act does not apply to the time period between the dismissal of Jackson's escape charge and the subsequent indictment, the court properly denied his motion to dismiss the indictment. Id. at 7, n. 7; Arnold v. McCarthy, 566 F.2d 1377, 1383 (9th Cir.1978). This result holds true despite the fact that Jackson, unlike the defendants in Arnold and MacDonald, was in custody between the time of the Government's dismissal and his subsequent indictment. Jackson was not incarcerated as a result of his criminal escape, but was merely recaptured and returned to custody to complete his previous sentence. 18 U.S.C. Sec. 3161 does not apply in such a situation. See United States v. Wilson, 690 F.2d 1267, 1276 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983).
 
 
 6
 Jackson also contends that the district court erred by finding that his waiver of counsel was knowing, intelligent, and voluntary. A defendant has an absolute Sixth Amendment right to represent himself at trial. Feretta v. California, 422 U.S. 806, 807 (1975). There are three requirements that must be met in determining whether a defendant has properly waived his right to counsel: (1) the request must be unequivocal; (2) the waiver must be made knowingly and intelligently; and (3) the waiver must be voluntary. United States v. Robinson, 913 F.2d 712, 714-15 (9th Cir.1990), cert. denied, 498 U.S. 1104 (1991). Whether a defendant's "waiver of his right to counsel was made knowingly, intelligently, and voluntarily is a mixed question of law and fact which we review de novo." Id. at 714.
 
 
 7
 Jackson asserts two grounds for this claim. First he contends that while he waived his right to counsel for the bank robbery charge, he did not waive it for the escape charge, and therefore the waiver was inadequate. It is true that the caption on the request for a status conference concerning Jackson's waiver of his right to counsel contained the case number for the bank robbery case only, and that the court clerk only called the bank robbery case number at the commencement of the trial. However, the record shows that both cases were discussed, and the waiver given was in regards to both the bank robbery case as well as the escape case.
 
 
 8
 Jackson also claims that his waiver was not made knowingly and intelligently. The record also refutes this claim. The district court judge informed Jackson of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. This court in United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987) suggested that these three elements should be discussed by the district court with a defendant in determining if a waiver is made knowingly and intelligently. Jackson repeatedly asserted that he understood the nature of the charges and penalties, that he was capable of representing himself, and unequivocally stated his desire to do so. Therefore, the district court did not err in finding that his waiver of the right to counsel was unequivocal, and made knowingly and intelligently, as well as voluntarily.
 
 
 9
 Finally, Jackson claims that the Government presented insufficient evidence to prove that Jackson escaped from custody. Specifically he argues the Government failed to show that he knowingly left the Century Community Corrections Center without permission, because he believed that he had permission to leave. This court reviews that sufficiency of the evidence to determine "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Wilson, 690 F.2d at 1276.
 
 
 10
 In the case at bar, the Government provided sufficient evidence whereby a jury could find beyond a reasonable doubt that Jackson knowingly escaped from custody without permission. Jackson left at night, with no possessions, five minutes after a head count was taken. He had been informed of the proper release procedures and his scheduled potential release date. Testimony was given contradicting Jackson's testimony that he thought he had permission to leave. The jury was presented with both Jackson's assertion that he left believing he had permission to do so, as well as the Government's proof that he left knowing he had no such permission. They found that the Government had met the elements of proof, and chose to convict. There was sufficient evidence to support this conviction.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3