26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas John ESPINOZA, Defendant-Appellant.
 No. 93-50045.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Defendant-Appellant Thomas John Espinoza appeals his jury conviction of armed robbery in violation 18 U.S.C. Sec. 2113(a)(d) for which the district court sentenced him to 135 months in prison and 5 years of supervised release. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 FACTUAL BACKGROUND
 
 3
 On April 20, 1991, a robbery took place at the Arlington branch of the Bank of America. Teller Santiago Perez testified that a man, whom he identified as Thomas John Espinoza, approached Perez's teller station, pointed a gun at him, and told him to hand over all the money. Perez testified that while Espinoza was in the bank, he was able to take a good look at him. Moreover, the bank's surveillance cameras took several pictures of Espinoza.
 
 
 4
 On May 3, 1991, Perez identified Espinoza as the robber from a six picture photospread. At trial, Perez accurately described the color of the clothing Espinoza was wearing on the day of the incident, his features, the color of his hair and eyes, and other physical characteristics. While Perez identified Espinoza as the robber even during the trial, Espinoza's wife testified that the person depicted in the surveillance photographs was not Espinoza.
 
 
 5
 Perez also testified that, although Espinoza never told him he had a gun, there was no doubt in his mind that Espinoza was holding a gun in his left hand and that he could see about three inches of the gun's barrel.
 
 DISCUSSION
 
 6
 Espinoza maintains that the district court should have excluded both Perez's out-of-court and in-court identifications made from a photospread because the pre-trial identification procedure was impermissibly suggestive and the in-court identification was inherently unreliable.
 
 
 7
 We need not decide whether a district court's admission of identification testimony should be reviewed de novo or for abuse of discretion because, under either standard of review, the government prevails. See United States v. Dring, 930 F.2d 687, 692 (9th Cir.1991), cert. denied 113 S.Ct. 110 (1992).
 
 
 8
 In ruling that the photospread identification procedure was not unduly suggestive, the district court found that although Espinoza's image was smaller than that of the other five individuals shown in the photospread, there was nothing remarkable about Espinoza's picture that would set it apart from the others. For example, the court found that all six individuals had similar characteristics and that the pictures were all the same size. Moreover, there is no evidence that Perez's attention was drawn to Espinoza's picture. The district court also found that during the robbery, Perez had the opportunity to see the robber face to face and thus could provide a reliable identification and that Perez had provided an accurate prior description of the robber.
 
 
 9
 The court concluded that Perez was sufficiently certain that the robber was Espinoza and that the fact that two weeks had passed between the robbery and the identification did not render the identification unreliable. In sum, the district court concluded that the out-of-court identification procedure met the five factors of reliability set forth in Manson v. Brathwaite, 432 U.S. 98, 114 (1977).
 
 
 10
 In light of the totality of the surrounding circumstances, the fact that Espinoza's image was smaller does not in and of itself render the procedure impermissibly suggestive. Cf. United States v. Johnson, 820 F.2d 1065, 1073 (9th Cir.1987) (photograph that is hazier is not impermissibly suggestive). Therefore, we conclude that the pre-trial identification procedure did not create a "very substantial likelihood of irreparable misidentification." United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir.1985) ( Simmons v. United States, 390 U.S. 377, 384 (1988). Consequently, we also affirm the district court's decision to admit Perez' in-court identification of Espinoza. See United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 
 11
 Espinoza also contends that there was insufficient evidence for the jury to conclude that he had committed the robbery or that the "robber" was armed.
 
 
 12
 We must uphold the conviction if "viewing the evidence in light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each element of the crime charged." United States v. Penagos, 823 F.2d 346, 347 (9th Cir.1987).
 
 
 13
 Because we hold that both the out-of-court and in-court identifications by Perez were not unduly suggestive or otherwise unreliable, we reject Espinoza's first argument in support of his contention that the jury could not have found that he committed the robbery. Moreover, Perez's description of the robber on the day of the incident was accurate, although perhaps not comprehensive. While it is true that when Perez first described the robber he did not mention that he had tatoos on his forearms and a moustache, and he did not accurately describe the length of the sleeves of Espinoza's shirt, Perez's description was accurate in other important aspects. Given that the evidence was admissible, it was up to the jury to weigh the evidence and take into account any discrepancies in the testimony against Espinoza. Finally, the surveillance photographs introduced at trial provided independent evidence that Espinoza was the robber.
 
 
 14
 In light of all the incriminating evidence against Espinoza, it was not unreasonable for the jury to conclude that he had committed the robbery.
 
 
 15
 We also reject Espinoza's contention that there was insufficient evidence for the jury to find that he had used a gun. Although there was no conclusive evidence regarding the presence of a gun, based on Perez's testimony and viewing all the facts in the light most favorable to the prosecution, the jury reasonably could have concluded that Espinoza had used a gun in committing the robbery.
 
 CONCLUSION
 
 16
 For the reasons stated above, we affirm Espinoza's conviction.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3