43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd PAAAINA, Defendant-Appellant.
 No. 93-10766.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1994.
Decided Dec. 14, 1994.
 
 Before: BROWNING, TROTT, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Admission of the Gun
 
 2
 The trial court's admission of the gun was not an abuse of discretion. The testimony of the ballistics expert established the gun was used during the third robbery, and other evidence, such as the witness identifications, supported a finding that Paaaina fired the gun at this same robbery. See United States v. Browne, 829 F.2d 760, 766 (9th Cir.1987) (upholding admission of gun because witnesses had linked the gun to the robbery in question); United States v. Johnson, 637 F.2d 1224, 1247 (9th Cir.1980) (holding an ax had been properly authenticated because a "reasonable juror could have found that [the] ax was the weapon allegedly used in the assault").
 
 II. Pretrial Identifications
 
 3
 The district court did not err by admitting the out-of-court identification evidence under either a de novo or abuse of discretion standard of review. See United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).
 
 A. Photo Array
 
 4
 The photo array was not impermissibly suggestive. A review of the photospread supports the district court's conclusion that at least two of the other men pictured had blemishes on their skin and that all the men were of "approximately the same skin color and general appearance." See United States v. Bagley, 772 F.2d 482, 493 (9th Cir.1985) (affirming admission of photographic display after independently examining display to evaluate suggestiveness). We have previously affirmed admission of photo arrays with more conspicuous differences between the image of the defendant and those of the other individuals pictured. See, e.g., United States v. Carbajal, 956 F.2d 924, 929 (9th Cir.1992) (finding no undue suggestiveness in a photo array in which defendant was the only person with a wig and with discernible bruises on his face).
 
 
 5
 Paaaina's objection to the marking of the number "1" on his photograph is groundless. Each of the six photographs in the array was numbered--Paaaina's happened to be number 1. To hold this circumstance created undue suggestiveness would mean a suspect's photo could never be first in a numbered series. Such a rule would have the perverse effect of systematically reducing the randomness of photo arrays, thereby diminishing the protection provided defendants. Paaaina presents no evidence or argument to support his contention that the numbering had a suggestive effect.
 
 B. Lineup
 
 6
 Paaaina's objection to his position in the lineup fails for the same reason--lineups would be less random if suspects could not stand in the first position, and Paaaina offers no evidence that his position influenced the witness' identifications. Moreover, Paaaina deliberately chose to stand first in the lineup.
 
 
 7
 Paaaina's repetition of the entire phrase after he failed to say the last word into the microphone was also his own choice and in any event not impermissibly suggestive. See United States v. Jones, 907 F.2d 456, 459-60 (4th Cir.1990).
 
 
 8
 Finally, Paaaina asserts television reports seen by four of the six witnesses prior to the lineup identifications rendered the procedure impermissibly suggestive. Nothing in the interview of FBI Agent Counts nor the release of bank surveillance photographs tainted the lineup identifications in any way. The record contains no evidence of any statements in the interview that might have led the witnesses to pick Paaaina from the lineup. Surveillance photographs of the robbery could not create "a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968) (emphasis added). Such pictures would lead witnesses to identify Paaaina only if he was in fact the robber.
 
 
 9
 The television coverage of Paaaina at police headquarters after his arrest raises a more substantial question. The publicity identified Paaaina to the witnesses as the person accused of the robberies by the police. Moreover, the police facilitated the exposure of the witnesses to this information by allowing television cameras access to a non-public area of police headquarters to film Paaaina.[1] In these circumstances, the lineup procedure may have been impermissibly suggestive. See Green v. Loggins, 614 F.2d 219, 223 (9th Cir.1980) (finding an accidental pretrial encounter impermissibly suggestive because its context indicated the defendant was the suspect and because the encounter was the result of police negligence).
 
 
 10
 Even if the identification procedure was impermissibly suggestive, however, the identifications were "nonetheless reliable." United States v. Givens, 767 F.2d 574, 581 (9th Cir.1985) (internal quotations omitted). Nothing in the record indicates two of the six witnesses saw the media coverage, and the other four testified their identifications were based only on their own observations. Furthermore, the totality of the circumstances indicates the identifications were reliable. Each of the witnesses had several minutes in which to observe the robber. During this time, each witness was looking directly at the robber's face and focused on the robber alone. The witnesses were able to identify particular personal characteristics of the robber which they had observed during the course of the robbery. See generally Dearinger v. United States, 468 F.2d 1032, 1036 (9th Cir.1972) (allowing lineup identification despite publication of newspaper photograph identifying defendant as arrested suspect prior to the lineup); United States v. Milano, 443 F.2d 1022, 1025-26 (10th Cir.1971) (same).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The police assistance in the pretrial publicity distinguishes this case from United States v. Peele, 574 F.2d 489, 491 n. 1 (9th Cir.1978) ("We are not presented with a case where the police may have assisted or encouraged the pretrial publicity.")