**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50534 |
| Plaintiff - Appellee, | D.C. No. 07-CR-01430-JAH-1 |
| v. | |
| DONALD BARTON DESHOTELS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 10, 2009 [**]
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON, [***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Donald Barton Deshotels appeals his convictions for transportation of illegal aliens and aiding and abetting (8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II)); bringing in illegal aliens for financial gain and aiding and abetting (8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2); and conspiracy to bring in and transport illegal aliens (8 U.S.C. § 1324(a)(1)(A)(i), (ii), and (v)(I)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

State Route 94 border patrol agents discovered three illegal aliens in the trunk of Kenneth Grant's car after he attempted to pass through the checkpoint. Minutes later, agents saw Deshotels walking down State Route 94. They summoned him to the primary inspection area and asked him where he was coming from; he responded he was in the bushes and then stated he had been dropped off. He did not respond to an agent's question whether he had been in the car still present in secondary inspection. The material witnesses identified Deshotels in a photographic showup. Two material witnesses identified him in a six-person photographic lineup and at trial as the car passenger who met them at a prearranged location on the United States side of the border and put them in the trunk.

Deshotels contests the admission of his pre-*Miranda* incriminating statements and testimony about his silence. *Miranda* warnings are only required before custodial interrogation; a defendant's pre-custodial, pre-*Miranda* statements

and silence are admissible. *United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009); *United States v. Beckman*, 298 F.3d 788, 795 (9th Cir. 2002). The district court's determination that Deshotels was not in custody during the questioning is a mixed question of law and fact warranting *de novo* review. *Bassignani*, 575 F.3d at 883. The totality of the circumstances demonstrates Deshotels was not in custody. *Id.* at 883-84. The agents summoned Deshotels to the primary inspection booth as he attempted to circumvent the checkpoint. He was questioned in an open area. The questioning was brief, and the agents did not apply pressure to detain Deshotels or confront him with evidence of guilt. The district court did not err in denying Deshotels' motion to suppress his statements or allowing testimony about his silence.

Deshotels challenges the material witnesses' identifications of him as impermissibly suggestive. The constitutionality of pretrial identification procedures is reviewed *de novo*. *United States v. Johnson*, 820 F.2d 1065, 1072 (9th Cir. 1987). Viewing the totality of the circumstances, the showup and lineups were not impermissibly suggestive, and the record reflects no substantial likelihood of misidentification. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985). The lineup depicts six African American males of about the same age. Deshotels' darker complexion does not render the lineup impermissibly suggestive. *United*

*States v. Nash*, 946 F.2d 679, 681 (9th Cir. 1991) (photo array was not impermissibly suggestive despite differences in hairstyles, ethnicity, and complexions). The material witnesses' identifications of Deshotels were reliable. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). They had an opportunity to closely observe Deshotels as he loaded them into the trunk. Their descriptions of Deshotels were reasonably accurate and independently consistent. The district court did not err in denying the motion to suppress the identifications.

Deshotels challenges the sufficiency of the evidence to support the three convictions for aiding and abetting bringing in illegal aliens for financial gain. We review *de novo* the district court's denial of a motion under Fed. R. Crim. P. 29. *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). Viewing the evidence in the light most favorable to the government, sufficient evidence supports the convictions. *Id.* The record demonstrates coordination and agreement between Deshotels and the smugglers in Mexico prior to the material witnesses' entry into the United States. *United States v. Singh*, 532 F.3d 1053, 1056, 1059-60 (9th Cir. 2008); *United States v. Lopez*, 484 F.3d 1186, 1198-1201 (9th Cir. 2007) (*en banc*). The smugglers told the material witnesses where to hide after crossing the border (near a sign 100 meters from the border fence), for whom to wait (two African American men), and the prearranged signal ("Juan"). Five minutes after

reaching the sign, Deshotels and Grant arrived and yelled "Juan." The district court did not err in denying Deshotels' three motions for acquittal.

Deshotels contends the superseding indictment for bringing in aliens for financial gain violates his speedy trial rights. 18 U.S.C. § 3161(b). The district court's application of the speedy trial act is reviewed *de novo*. *United States v. Lopez-Osuna*, 242 F.3d 1191, 1196 (9th Cir. 2000). The bringing in aliens for financial gain charge was new in the superseding indictment; it was not included in the original complaint or indictment. Transportation of illegal aliens and bringing in illegal aliens for financial gain are distinct offenses under § 1324. *Lopez*, 484 F.3d at 1195-96. The district court did not err in denying Deshotels' motion to dismiss the superseding indictment.

**AFFIRMED.**