MEMORANDUM *
Demetrius Harvey filed this lawsuit against the City of Oakland, Oakland Police Department, and eight individual police officers based upon his arrest and detention in connection with the vandalism of two Oakland liquor stores. Harvey seeks relief under § 1983 for Fourth Amendment violations and under California tort law for false arrest, negligence, and negligent infliction of emotional distress. The district court granted defendants summary judgment on all claims. Harvey timely appealed. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
In analyzing Harvey’s § 1983 claims we must determine whether (a) the facts that the plaintiff has alleged make out a constitutional violation, and (b) if so, whether the constitutional right at issue was clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We are “permitted to exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.” Pearson v. Callahan, 555 U.S. -, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). Because we conclude that defendants did not violate a clearly established right — and are therefore entitled to qualified immunity — we need not address whether Harvey has sufficiently demonstrated a Fourth Amendment violation.
“The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.” Saucier, 533 U.S. at 202, 121 S.Ct. 2151. *702 “In the context of a police officer obtaining a warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in the existence unreasonable.” Mills v. Graves, 930 F.2d 729, 731 (9th Cir.1991). If reasonable minds could differ as to the existence of probable cause, a magistrate’s determination that there was probable cause usually establishes that an officer’s belief was objectively reasonable. KRL v. Estate of Moore, 512 F.3d 1184, 1189 (9th Cir.2008). “It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present ... In such cases those officials should not be held personally liable.” Rodis v. City, County of San Francisco, 558 F.3d 964, 970-71 (9th Cir.2009).
We agree with the district court that defendant Sgt. Arotzarena is entitled to qualified immunity because he could have reasonably believed in light of all the circumstances that his conduct did not violate the Constitution. Sgt. Arotzarena based his probable cause determination largely on the tip of a confidential informant, CI-21. When considering whether an informant’s tip is sufficient to support probable cause, we employ a “totality of the circumstances” test, taking into account the informant’s veracity or reliability, and his or her basis of knowledge. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit in support of Harvey’s arrest warrant stated that Sgt. Arotzarena personally met with CI-21, who identified Harvey and several other individuals from a surveillance video and also from a lineup of DMV photos. See United States v. Rowland, 464 F.3d 899, 908 (9th Cir.2006) (“[A]n agent’s face to face encounter with an informant may bolster an informant’s reliability because officers may perceive and evaluate personally an informant’s mannerisms, expressions and tone of voice and because the informant knows that he may be tracked down and held accountable for false assertions.”). Additionally, eyewitnesses from the San Pablo Market and the mother of one of the suspects corroborated some of these identifications and did not contradict any of them. United States v. Angulo-Lopez, 791 F.2d 1394, 1397 (9th Cir.1986) (“Because an informant is right about some things, he is probably right about other facts.”). The magistrate judge found these facts sufficient to support a warrant for Harvey’s arrest.
The record indicates that Sgt. Arotzarena omitted from his affidavit (1) that the surveillance video was blurry and (2) that CI-21 initially identified a different man as Harvey/Asad Bey before correcting himself. Had this information been included, it may have weakened Sgt. Arotzarena’s support for probable cause. However, Sgt. Arotzarena’s notes indicate that he also omitted the following facts that would have strengthened his argument for probable cause: (1) the intelligence unit of the Oakland Police Department confirmed that Harvey and the other suspects were associated with Your Black Muslim Bakery; (2) CI-21 told Sgt. Arotzarena that he formerly worked at the Bakery and was familiar with Harvey and other associates of the Bakery; and (3) CI-21 identified Harvey by age, height, weight and distinguishing characteristics.
The totality of the circumstances known to Sgt. Arotzarena when he sought an arrest warrant provided a reasonable basis for believing that CI-21 was truthful and had a substantial familiarity with Harvey and the other individuals he identified. The information included in Sgt. Arotzare-na’s affidavit gave rise to at least disputable probable cause, and “we cannot say that a magistrate would not have issued the warrant if he had been told all that [Sgt. Arotzarena] knew about the infor *703 mants.” Lombardi v. City of El Cajon, 117 F.3d 1117, 1126 (9th Cir.1997).
Sgt. Arotzarena also could reasonably believe that it was lawful to detain Harvey from December 27, 2005 (the date of his arrest) until January 3, 2006 (the date of his arraignment), despite Harvey’s presentation of an alibi. Assuming that probable cause supported Harvey’s initial arrest and detention, Sgt. Arotzarena was under no affirmative duty to further investigate Harvey’s involvement in the incidents. Baker v. McCollan, 443 U.S. 137, 145-46, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (“Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.”). Nevertheless, Sgt. Arotzarena did investigate Harvey’s involvement after he was detained. He showed four eyewitnesses to the crimes the surveillance video of the San Pablo Market and a six-pack photo lineup, and two of the witnesses positively identified Harvey.[1] One of the witnesses specifically stated that Harvey was the individual who had held him up behind the counter. Although two of the witnesses did not identify Harvey, the post-detention investigations did not overwhelmingly demonstrate Harvey’s innocence and provided some additional bases for believing he was involved in vandalizing the two Oakland liquor stores. Summary judgment in favor of Sgt. Arotzarena therefore was proper.
The district court properly granted summary judgment to former Oakland Police Chief Wayne Tucker, Deputy Chief Howard Jordan, Lt. Gier, Lt. Whitman and Officer J. Morris. Harvey has not set forth evidence that any of the individual defendants besides Sgt. Arotzarena were personally involved with the alleged unlaw-fid conduct or that they could be held liable in a supervisory capacity. al-Kidd v. Ashcroft, 580 F.3d 949, 965 (9th Cir.2009).
The district court also properly granted summary judgment to the City of Oakland. Harvey has not shown that the City’s failure to adequately train its employees amounted to a custom or policy giving rise to § 1983 liability. First, defendants have produced an officer training manual that explicitly instructs officers to “describe in details the facts showing probable cause for issuance of a Warrant.” Second, even if the City does not have training materials specifically stating that officers should include information that undermines probable cause, there is no showing that Sgt. Arotzarena omitted any information because of a citywide custom or policy of leaving out such information. Harvey has not shown that any constitutional violation he suffered can be attributed to an official policy or custom of the City of Oakland. Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir.2001).
For similar reasons that we affirm the district court’s grant of summary judgment to defendants on Harvey’s § 1983 claims, we affirm the grant of summary judgment to defendants on Harvey’s state law claims. O’Toole v. Superior Court, 140 Cal.App.4th 488, 44 Cal.Rptr.3d 531, 549- *704 50 (Cal.Ct.App.2006) (explaining that officers are not liable for false arrest or false imprisonment under California law if the officer “had reasonable cause to believe the arrest was lawful” (quoting Cal. Penal. Code § 847)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. These photo lineups were not unduly suggestive because only Harvey and one other individual were light-skinned African American men. We have held that minor ethnic variations between a suspect and other individuals in a photo lineup do not render a lineup constitutionally infirm. See, e.g., United States. v. Portillo, 633 F.2d 1313, 1324 (9th Cir.1980); see also United States v. Nash, 946 F.2d 679, 681 (9th Cir.1991).