FILED

APR 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRENCE ANTONIO DUNSON, | No. 08-56799 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-05209-AHS-RNB |
| v. | |
| RAUL LOPEZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Submitted April 13, 2011[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioner Terrence Antonio Dunson was convicted of second degree murder

and assault with a firearm in California state court for shooting the driver of a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

white Honda in the heart. He now appeals the district court's denial of his petition for a writ of habeas corpus.

Dunson argues that his trial counsel provided ineffective assistance by failing to challenge the pretrial photographic line-up from which one witness identified him as the shooter and from which another witness tentatively identified him as one of the two individuals fleeing from the scene of the crime immediately after the shooting. He contends that the photo array was impermissibly suggestive because his photo had a different background color than the other five photos and because there were only two individuals in the line-up, including himself, who had corn row hair. Because the state court's rejection of this claim did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," we affirm the district court's denial of habeas relief. 28 U.S.C. § 2254(d)(1).

"[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). We find that this high standard is not met simply because Dunson's photograph had a different background color than the

rest, especially since the background color of the photos in the line-up varied generally (aside from the greenish-gray background of Dunson's photograph, four had a blue background and one had a more purple background), both witnesses testified that they did not notice the background colors of the photographs, and, prior to examining the line-ups, the police admonished both witnesses not to pay attention to any stylistic differences among photographs. *See United States v. Burdeau*, 168 F.3d 352, 357 (9th Cir. 1999) (holding that a photographic array was not impermissibly suggestive even though the defendant's picture "was placed in the center of the array, was darker than the rest, and was the only one in which the eyes were closed"); *Mitchell v. Goldsmith*, 878 F.2d 319, 323 (9th Cir. 1989) (holding that "[t]he various background colors among . . . photographs and the 1981 date on [defendant's] photo [did] not make the line-up unduly suggestive").

Similarly, we hold that having only two individuals with corn row hair in the line-up did not improperly focus the witnesses' attention on Dunson. The first witness, Leon Richards, was unaware that the perpetrator of the crime had corn row braids in his hair; he described the perpetrator as wearing ladies' pantyhose or something like a black rag over his head. Accordingly, the line-up could not have improperly suggested to Richards that Dunson was the perpetrator. The second witness, Gregory Moore, was aware of the perpetrator's hairstyle, but he was

3

admonished by the police prior to viewing the photo array that hairstyles can be easily changed. Additionally, Moore had previously examined a different photographic line-up—a line-up that did not contain Dunson but that did contain two or three other individuals with corn row hair—and did not identify anyone from this line-up. Under these circumstances, we cannot conclude that having only two individuals with corn row hair in the line-up was "so impermissibly suggestive as to give rise to a very substantial likelihood" that Moore would misidentify Dunson. *Simmons*, 390 U.S. at 384; *see also United States v. Nash*, 946 F.2d 679, 681 (9th Cir. 1991) (finding a photographic line-up "to be a balanced presentation that was not suggestive" despite defendant's argument that only he and one other individual "had afro hairstyles").

Because the line-up was not impermissibly suggestive, Dunson cannot show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Accordingly, Dunson is not entitled to relief on his ineffective assistance of counsel claim.

AFFIRMED.

4