**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Paul Richard PORTILLO,**
**Defendant-Appellant.**

**No. 81–1588.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided Nov. 4, 1982.

Rehearing Denied Nov. 4, 1982.

Stephen J. Hillman, Los Angeles, Cal., for defendant-appellant.

James P. Walsh, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WALLACE, KENNEDY, and PREGERSON, Circuit Judges.

WALLACE, Circuit Judge:

This armed bank robbery case comes before us for the second time on direct appeal following our earlier opinion in which we reversed in part. The facts are outlined in the first opinion, reported at 633 F.2d 1313 (9th Cir. 1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981) (*Portillo I*). The issue now before us is extremely narrow. The district judge, in a pretrial motion *in limine,* held that if Portillo testified he could be impeached by evidence of two of his four prior felony convictions, a 1963 conviction for theft and a 1968 conviction for armed robbery. The district judge ruled that the prosecution could impeach

Portillo only by asking him whether he had been convicted of two felonies. The judge directed that Portillo could not be asked the nature of the crimes for which he had been convicted nor the underlying circumstances unless he testified that he had not committed two felonies. Whether this restricted use of the prior felonies was required is not before us.

In his ruling, the district judge did not justify his decision in terms of Fed.R.Evid. 609(b).[1] Portillo claimed, and we held in *Portillo I,* that the district judge failed to make the required findings of specific facts and circumstances justifying the introduction of convictions that were apparently more than ten years old. Outlining the responsibilities of the district court, we remanded for proceedings consistent with rule 609(b):

> If the trial court determines that the prior convictions were inadmissible and that the ruling as to admissibility was prejudicial to Portillo, he is to be afforded a new trial. If the trial court decides that the prior convictions were admissible or that they were inadmissible but the error was not prejudicial, the judgment will stand subject to further review on appeal limited to the correctness of such ruling.

633 F.2d at 1323.

In *Portillo I,* we also observed that a factual uncertainty existed with respect to whether more than ten years had elapsed since the 1968 conviction and remanded for resolution of that issue. *Id.* at 1323 n. 6. On remand, the parties stipulated to facts resolving the uncertainty. Portillo's release from confinement for the 1968 conviction did not occur until 1971. The trial occurred more than ten years after the 1968 convic-

tion, but less than ten years after Portillo's 1971 release. We therefore conclude that rule 609(a) governs the admission of this conviction.

■ Rule 609(a)[2] required the trial court to determine whether the probative value of admitting evidence of the 1968 conviction outweighed its prejudicial effect to Portillo. The district judge stated in his written order following remand that he had found during the trial "that the probative value of the 1968 conviction for impeaching [Portillo's] credibility substantially outweighed any potential prejudice to [him]." While we would have been assisted if the district judge's reasoning had been given in greater detail, we hold that his determination meets the requirements of rule 609(a).

The 1963 conviction, however, falls under the provisions of rule 609(b). That rule states that convictions more than ten years old are not admissible impeachment evidence "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." On remand, the district judge stated in his written order that he had determined at trial "that evidence of the 1963 theft conviction was of probative value for impeachment purposes which substantially outweighed any possible prejudicial effect to [Portillo]."

■ Rule 609(a) and (b) require different determinations by the district judge before a prior felony may be introduced. The 1968 felony, governed by rule 609(a), is admissible if the district court "determines that the probative value of admitting [the] evidence outweighs its prejudicial effect to the de-

---

1. Fed.R.Evid. 609(b) states in part:

   Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

2. Fed.R.Evid. 609(a) states in part:

   For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted . . . only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant. . . .

fendant." The 1963 felony, governed by rule 609(b), is admissible only if the district court determines that the probative value "supported by specific facts and circumstances substantially outweighs its prejudicial effect." The statement of the district judge pertaining to the 1963 conviction meets the requirements of rule 609(a), but falls short of meeting the more exacting requirements of rule 609(b). As we read *Portillo I,* the statement is insufficient because the district court's determination was not "supported by specific facts and circumstances" justifying the introduction of the remote conviction. 633 F.2d at 1323. Due to the lack of a sufficient finding of facts and circumstances to support the introduction of the 1963 conviction, we must next determine whether the district judge's ruling permitting its admission in violation of rule 609(b) requires reversal.

■ In *United States v. Cook,* 608 F.2d 1175, 1183 (9th Cir. 1979) (en banc), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), we held that a defendant was entitled to appellate review of the denial of a motion to exclude evidence of prior convictions, even though he did not take the stand and testify. The en banc plurality observed that even when the trial court's denial of a rule 609 motion is erroneous, Fed.R.Evid. 103 requires a party seeking reversal upon the basis of an evidentiary ruling to show that a substantial right has been affected. *Id.* at 1183–86. The plurality also required that parties in future cases preserve the issue for review by following the procedural requirements of rule 103. *Id.* at 1186. The trial in this case took place before our ruling in *Cook.* We therefore do not hold Portillo to the procedural requirements which the plurality in *Cook* imposed. We, however, do hold Portillo to the substantive requirement of rule 103 which merely restates the common law: he must show that a substantial right has been affected.

A concurring opinion in *Cook* outlined the factors necessary to show prejudice to a defendant's substantial rights:

[I]n addition to demonstrating that the district judge abused his discretion in ruling as he did, the defendant will also have the burden to prove prejudice. He would thus need to show not only that he would have testified but for the adverse Rule 609 decision and what his testimony would have been, but must also meet the burden of demonstrating that his testimony would more probably than not have altered the jury verdict.

*Id.* at 1188 (Wallace, J., concurring). We hold that these factors constitute the appropriate burden for Portillo. Applying them, we conclude for the reasons stated below, that Portillo has not shown that he would have testified absent an erroneous determination that evidence of the 1963 theft conviction was admissible for impeachment. We therefore hold that even if the trial court erred in determining that the conviction was admissible, Portillo has not been prejudiced. Because of our disposition of the case on these grounds, we do not reach the question whether Portillo's testimony would more probably than not have altered the jury verdict.

■ Portillo submitted an affidavit in which he stated that he chose not to testify at trial because he believed that "the two convictions" which had been ruled admissible would have the effect of showing the jury a predisposition to commit crimes and would indicate that he was inherently untrustworthy as a witness. He further stated that, had the court not ruled that the 1963 and 1968 convictions were admissible, he would have testified in conformity with the testimony of his alibi witness. He did not state that he would have testified if only the 1968 conviction had been ruled admissible for impeachment.

Furthermore, nothing in the record suggests the likelihood that Portillo would have taken the stand had the district judge ruled that only the 1968 conviction, and not the 1963 conviction, was admissible. The evidence of Portillo's guilt, including the testimony of several bank employees who identified him as one of the robbers and several full-face photographs of him taken by bank

surveillance equipment during the robbery, was overwhelming. The testimony he might have given, as indicated by his affidavit, merely would have reiterated the alibi testimony of his mother-in-law, testimony her husband refused to corroborate. We cannot infer that Portillo would have taken the stand to buttress this testimony when his credibility as a witness would have been subject to impeachment by evidence of his 1968 conviction.

We therefore conclude that Portillo has not met his burden of proof and that the district court's evidentiary ruling, even if erroneous, was harmless. *See United States v. Rasheed,* 663 F.2d 843, 850 (9th Cir. 1981) (nonconstitutional error harmless unless it is more probable than not that the error materially affected the verdict), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1031, 71 L.Ed.2d 315 (1982); *United States v. Valle-Valdez,* 554 F.2d 911, 916 (9th Cir. 1977) (same). *See also United States v. Glenn,* 667 F.2d 1269, 1272–74 (9th Cir. 1982) (more probable than not standard applied to erroneous admission under rule 609).

AFFIRMED.

KENNEDY, Circuit Judge, concurring:

The analytic structure of our opinion to affirm has stress marks at critical parts, but this necessarily is so from the unfortunate rule we adopted in *United States v. Cook,* 608 F.2d 1175, 1176 (9th Cir. 1979) (en banc). Given the holding of *Cook* that an impeachment ruling is reviewable where the testimony under attack has not in fact been given, we are required to speculate on the question of prejudicial error. In this confusing state of affairs, I agree with the conclusions of Judge Wallace and concur in his opinion.

It seems appropriate to add, however, that the instant case confirms my earlier view that a trial court's ruling on the admissibility of prior convictions should not be reviewable unless the defendant has taken the stand. *Id.* at 1188 (Kennedy, J., dissenting and concurring).

PREGERSON, Circuit Judge, dissenting:

The district court, applying Fed.R.Evid. 609(a), determined that the probative value for impeachment purposes of the 1968 conviction outweighed its prejudicial effect on Portillo. The court offered no rationale for this determination. Unlike the majority, I would ask the district court to state the facts and the reasons underlying its ruling. Among other things, we ought to be told why this evidence and evidence of appellant's 1963 conviction were needed by the government to prosecute successfully an apparently strong case. *See United States v. Cathey,* 591 F.2d 268, 275 (5th Cir. 1979). This information is important because the stronger the government's case, the less need there is for impeachment evidence of a prior conviction. Such evidence is invariably prejudicial, and the likelihood of its use is usually enough to discourage a defendant from taking the witness stand.

I agree with the majority that the district court's statement pertaining to the 1963 conviction "falls short of meeting the more exacting requirements of rule 609(b)." That rule excludes evidence of remote convictions unless certain stringent requirements are met. Among these is the requirement that "the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Given these requirements and bearing in mind that the government has the burden of establishing admissibility of prior convictions, *United States v. Cook,* 608 F.2d 1175, 1185 n. 8 (9th Cir. 1979), one would think that evidence of remote convictions would rarely come in under Rule 609(b). *United States v. Cathey,* 591 F.2d at 276 (Fed.R.Evid. 609(b) should be interpreted to preclude admissibility of remote convictions absent "exceptional circumstances"). In any event, I think that we should remand the case and ask the district court to comply with Rule 609(b). After such compliance, we ought to be in a position to review properly the court's Rule 609(b) ruling. Until then, I see no need to establish factors necessary to show prejudice to a defendant's substantial

right. As a practical matter, the factors espoused by the majority gut Rule 609(b) because only on rare occasions will a defendant sustain the heavy burden the majority would impose on him. And I submit that it is anomalous to saddle a defendant with such a burden merely because the district court in admitting evidence of a prior conviction failed to address Rule 609(b)'s stringent requirements.

Finally, the idea that a trier of fact will think a defendant guilty of the offense charged solely because of his earlier transgressions has always been troublesome. The majority opinion heightens that concern which, I thought, Rule 609 was intended to allay.

I would remand for compliance with Fed. R.Evid. 609.