UNITED STATES of America, Plaintiff-Appellee,

v.

Alfred Louis LOVE, Defendant-Appellant.

No. 83–1286.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 1984.

Decided Aug. 17, 1984.

Donald B. Ayer, U.S. Atty., Sacramento, Cal., Peter M. Schultz, Fresno, Cal., for plaintiff-appellee.

Margaret McKnight, Fresno, Cal., for defendant-appellant.

Before WALLACE, FLETCHER, and CANBY, Circuit Judges.

PER CURIAM:

Love appeals his conviction for aggravated robbery of a post office in violation of 18 U.S.C. § 2114. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Love first claims that the pretrial photographic lineup that led to his arrest and conviction was impermissibly suggestive and unreliable. A suggestive pretrial photographic identification procedure may taint subsequent in-court identifications to the extent that a defendant is denied due process of law. *United States v. Field,* 625 F.2d 862, 865 (9th Cir.1980). The Supreme Court has indicated that "the ultimate question as to the constitutionality of ... pretrial identification procedures ... is a mixed question of law and fact ...." *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982). As such, we review the issue de novo. *See United States v. McConney,* 728 F.2d 1195, 1203, 1205 (9th Cir.1984) (en banc).

The Supreme Court established the foundation for analyzing due process claims predicated on pretrial photographic identifications in *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The Court refined this analysis in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) *(Biggers),* and *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) *(Manson).* Those cases mandate a two-step inquiry into pretrial identification procedures. First, it must be determined whether the procedures used were impermissibly suggestive. If so, it must then be determined whether the identification was nonetheless reliable. *Manson,* 432 U.S. at 107, 97 S.Ct. at 2249; *Biggers,* 409 U.S. at 199–200, 93 S.Ct. at 382–383; *Green v. Loggins,* 614 F.2d 219, 223 (9th Cir.1980).

Frequently, courts assessing challenges to pretrial identification procedures will assume, *arguendo,* that the procedure was unnecessarily suggestive and review only the reliability of the identification. *See, e.g., United States v. Hanigan,* 681 F.2d 1127, 1133 (9th Cir.1982), *cert. denied,*

459 U.S. 1203, 103 S.Ct. 1189, 75 L.Ed.2d 435 (1983). The case before us, however, does not require even that analytical concession: the identification procedures used appear neither impermissibly suggestive nor unreliable. Love has failed to indicate any way in which the pretrial photographic identification was improperly suggestive. Although Mrs. Lawrence chose Love's photograph from an array of pictures that were of a different size than the two earlier arrays she had seen, all of the pictures in the array were the same size. Further, all of the photographs were reasonably similar in appearance to Love. Finally, each time Mrs. Lawrence was shown a lineup, she was told that the robber might or might not be included and that she should not feel compelled to make an identification.

■ Love next argues that the district judge improperly admitted evidence of Love's prior robbery conviction. Admission of such evidence is governed by rule 609(a) of the Federal Rules of Evidence. We review a district judge's decision to admit prior conviction evidence for impeachment purposes only for abuse of discretion. *United States v. Field*, 625 F.2d 862, 871 (9th Cir.1980).

■ Love relies on our decision in *United States v. Hendershot*, 614 F.2d 648, 652–53 (9th Cir.1980), to support his argument that the district judge's determination to admit the impeachment evidence should be reversed because the judge applied an erroneous legal standard. *Hendershot* is not relevant to Love's case. In *Hendershot*, the district court mistakenly placed the burden of showing that the impeachment evidence was prejudicial on the defendant. *Id.; see United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir.1980) ("government has the burden of persuasion"), *cert. denied*, 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981). In the present case, there is some ambiguity about the underlying reasons for the district judge's admission of the impeachment evidence, but no suggestion that the burden of persuasion was misplaced or that an erroneous legal standard was applied. The judge did not make a record of his findings to support admitting the evidence under rule 609(a)(1)—but there is no requirement that he make such findings. *United States v. Portillo*, 699 F.2d 461, 463 (9th Cir.1982). Although we normally review the admission of impeachment evidence for abuse of the district judge's discretion, *Field*, 625 F.2d at 872, in this case we need not undertake even that limited review. In light of the overwhelming evidence that Love committed the robbery, any error in admitting the impeachment evidence was harmless. *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir.1982) ("the error was harmless .... The evidence with respect to these offenses was overwhelming."); *accord United States v. Del Toro Soto*, 676 F.2d 13, 18 (1st Cir.1982); *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 762 (3d Cir.1982).

Finally, Love claims that there is insufficient evidence to support his conviction for aggravated robbery. He challenges the "aggravating" element of that offense: "put[ting] [the victim's] life in jeopardy by the use of a dangerous weapon." 18 U.S.C. § 2114. According to Love, there is no evidence to support the conclusion that the gun he used was loaded and that the victims' lives were thus placed in jeopardy.

■ Love's argument is frivolous. In reviewing the sufficiency of the evidence to support a conviction, we need only determine, after viewing the evidence and inferences to be drawn from it in the light most favorable to the government, whether any rational trier of fact could have found all of the elements of the crime. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Love concedes, as he must, that the law in this circuit allows the fact finder to infer that a robber's gun is loaded, making it a "dangerous weapon" for purposes of 18 U.S.C. § 2114, when the robber displays the gun to back up his robbery demands. *Wagner v. United States*, 264 F.2d 524, 530 (9th Cir.), *cert. denied*, 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959); *accord United*

*States v. Hudson,* 564 F.2d 1377, 1380 (9th Cir.1977). In view of the limited role of appellate courts in reviewing the sufficiency of evidence to support convictions, there is no doubt that Love's conviction for aggravated robbery is supported by sufficient evidence.

AFFIRMED.