988 F.2d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ZARAZUA, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 92-55237.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-89-3692-HLH, Harry L. Hupp, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Zarazua, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. Zarazua contends that his due process rights were violated because the witness who identified him at trial had previously been shown a suggestive photographic lineup. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 Zarazua contends that the district court erred in upholding the state court's admission of eyewitness identification testimony at trial, because the witness had previously identified Zarazua in an impermissibly suggestive photographic lineup. This contention is without merit.
 
 
 4
 Convictions based on eyewitness identification testimony at trial following a pretrial identification by photograph must be set aside if the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable identification." Simmons v. United States, 390 U.S. 377, 384 (1968); United States v. Barrett, 703 F.2d 1076, 1084 (9th Cir.1983). This is a two-part inquiry. First, the trial court must determine whether the identification procedures used were impermissibly suggestive. See United States v. Love, 746 F.2d 477, 478 (9th Cir.1984). If the photographic identification procedure is impermissibly suggestive, the evidence may nonetheless be admitted unless the corrupting effect of the identification procedure outweighs the reliability of the testimony. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989).
 
 
 5
 The factors that must be considered in determining the reliability of identification testimony are: the witness' opportunity to view the suspect at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the suspect, the level of certainty shown by the witness at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972); Manson, 432 U.S. at 114; Barrett, 703 F.2d at 1085. Each of these factors requires a finding of historical fact by the trial court, to which a statutory presumption of correctness applies. 28 U.S.C. § 2254(d); Sumner v. Mata, 455 U.S. 591, 597, n. 10 (1982). However, the ultimate determination of whether the facts as found constitute a due process violation is a mixed question of law and fact which is reviewed de novo. Id.; United States v. Spokane, 918 F.2d 84, 86 (9th Cir.1990), cert. denied, 111 S.Ct. 2888 (1991).
 
 
 6
 Zarazua contends that the photographic lineup was impermissibly suggestive, because he was the only one shown who wore no shirt, and who had visible tattoos.[1] The witness was shown six photographs, all of men of Mexican descent in their mid-twenties, with facial hair, hair color and hair style similar to Zarazua's. The witness testified that she focused on Zarazua's face, not his tattoos, in identifying him. Because of the similarities among the photographs, and the witness' testimony that the tattoos did not influence her identification, we find that the photographic lineup was not impermissibly suggestive. See Barrett, 703 F.2d at 1084-85 (photographic lineup in which defendant was the only one wearing dark glasses, a feature of the description given by witnesses, was held not impermissibly suggestive).
 
 
 7
 However, even if the photographic lineup was impermissibly suggestive, the witness' testimony is sufficiently reliable under the factors outlined in Biggers to justify its admission. The witness stated that the robber stood very close to her for at least five minutes in a well-lit store, and that she got a good look at him. She stated that she was looking at his face throughout the robbery. She correctly described the robber's race, age and hair style, as well as the license-plate number of the robber's vehicle. She did not state that the robber had a mustache or tattoos, as Zarazua does, nor did she accurately describe Zarazua's size.[2] This discrepancy does not render her testimony unreliable, however, in light of the accuracy of the rest of her description. She always identified Zarazua with certainty, and never misidentified him. Finally, she was shown the photographic lineup three days after the robbery, when her recollection was still fresh. Based on these factors, the reliability of the witness' testimony outweighs any possible corrupting effect of the photographic lineup. See Biggers, 409 U.S. at 199-200. Accordingly, the testimony was properly admitted. See id. at 200-01; Manson, 432 U.S. at 116-17.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Another witness to the robbery told police that the robber had a tattoo on his arm. However, the identifying witness did not mention the tattoo
 
 
 [2]
 The witness described the man who robbed her to police as "big." Zarazua is 5'7" tall, and weighs 170 pounds