19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason Brandt WELLS, Defendant-Appellant.
 No. 93-30054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1994.
Decided March 23, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. The district court found that the photospread was not suggestive. Tr. of Oct. 26, 1992, at 35-36, 39. Because courts only evaluate a photospread's reliability after finding it suggestive, see United States v. Love, 746 F.2d 477, 478 (9th Cir.1984), the district court properly declined to consider reliability.
 
 
 3
 We also reject Wells' argument that the district court should have excluded the evidence under its supervisory power. Wells never asked the court to use this power and the lineup procedure was not "inherently unreliable."
 
 
 4
 B. The district court did not err in admitting testimony about the burglary. This evidence did not offend Fed.R.Evid. 404(b) because it was not "other crimes" evidence admitted "to show action in conformity" with past crimes. In fact, the jury was admonished both by government counsel and by the court not to consider whether Wells committed the burglary. Tr. of Nov. 18, 1992, at 80 (government counsel); id. at 129-30 (court). Instead, the government introduced the evidence to tie the pistol to Wells; after all, it becomes harder for the jury to discount the gun's presence in Wells' car once it learned he had other items from the burglary as well. Moreover, the district court did not abuse its discretion in holding that this probative value outweighed its prejudicial effect under Fed.R.Evid. 403.
 
 
 5
 C. Nor do we find error in the court's rulings about Wells' conversations with Agents Carpenter and Wallenstrom. Wells got a lot admitted: He got to say he had mentioned Richard Elliot and Gary Puckett, Tr. of Nov. 18, 1992, at 18-19, and that Agent Carpenter's "face kind of lit up when I said Richard Elliot." Id. at 18-19. It was not an abuse of discretion to refuse to admit more.
 
 
 6
 D. The government properly presented three prior convictions for violent felonies to support a sentence enhancement under 18 U.S.C. Sec. 924(e). See United States v. Dunn, 946 F.2d 615, 619 (9th Cir.1991). Because the government is not required to provide written notice about its reliance on prior convictions, United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir.1992), failure to do so here was not error.
 
 
 7
 E. The district court's discretionary decision not to depart downward from the sentencing guidelines is not reviewable. See United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3