56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leo Clarence LAWSON, Defendant-Appellant.
 No. 93-50701.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided May 24, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leo Clarence Lawson appeals his convictions for making false claims to a Government agency and forging endorsements on Treasury checks. We affirm.
 
 A. The Prior Convictions
 
 3
 To impeach Lawson's credibility, the district court permitted the government to introduce evidence of Lawson's 1973 and 1979 felony convictions. Rule 609(b) of the Federal Rules of Evidence provides that evidence of a conviction that occurred more than ten years ago is not admissible to impeach a witness's credibility unless the district court determines that the probative value of the conviction substantially outweighs it prejudicial effect. The district court must support its determination by "specific facts and circumstances." Fed. R. Evid. 609(b); see also United States v. Portillo, 699 F.2d 461, 464 (9th Cir. 1982).
 
 
 4
 However, even if we assume the district court did not comply with Rule 609(b), evidentiary errors do not require reversal unless they more probably than not tainted the verdict. United States v. Bradley, 5 F.3d 1317, 1322 (9th Cir. 1993). In this case, the Government mentioned only the fact, not the details, of Lawson's prior convictions only once, at the end of its examination of Lawson. The Government did not belabor the prior convictions. Lawson offered no explanation for failing to show himself as the tax preparer on the returns or for using his own address on the W-2 forms. Given the direct testimony of the taxpayers, it is improbable the assumed evidentiary error tainted the verdict.
 
 B. Sufficiency of the Evidence
 
 5
 Lawson argues that the evidence was insufficient to support his conviction on Count One of the indictment. He claims that, because Brumfield, the taxpayer in Count One, never spoke directly to him and had her boyfriend communicate with him on her behalf, her testimony was insufficient to demonstrate that Lawson lacked authority to sign her name on her tax return. "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992). In this case, the testimony of the other six taxpayers established a pattern identical to that alleged in count one. Even though Brumfield's boyfriend did not testify that he did not give Lawson authority to sign Brumfield's name, the clear pattern of evidence supports an inference that Lawson lacked authority.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3