57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Orvel G. SPENCE, Defendant-Appellant.
 No. 94-50482.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided June 14, 1995.
 
 Before: PREGERSON, POOLE, and D.W. Nelson, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Orvel G. Spence appeals his conviction, following a jury trial, for extortion in violation of 18 U.S.C. Sec. 875(b). Spence threatened to blowup a United Airlines (UAL) plane unless UAL paid him $1.5 million dollars. Spence contends that the district court abused its discretion by admitting at trial evidence of two prior convictions under Fed.R.Evid. 609, and that the evidentiary rulings cumulatively constitute reversible error because Spence's due process right to a fair trial was violated. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * 1983 Conviction
 
 
 4
 Spence argues that the district court abused its discretion by admitting evidence at trial of his 1983 conviction for receiving a stolen airplane because the conviction was nine years old and unduly prejudicial. We reject this argument.
 
 
 5
 At trial, Spence raised a duress defense--i.e, four Jamaican black males forced him to commit the instant offense. Notwithstanding his self-serving testimony regarding the Jamaican males, Spence produced not a scintilla of evidence to corroborate his incredulous story. Therefore, Spence's testimony rested exclusively upon his credibility; no other witness could confirm or disprove Spence's alleged duress defense.
 
 
 6
 We have carefully reviewed the district court's extensive ruling and conclude that the court adequately considered the factors for admission under Rule 609 of the 1983 conviction. See United States v. Browne, 829 F.2d 760, 763-64 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). It is undisputed that Spence's credibility and testimony were central to the case, as Spence testified that he committed the instant offense under duress. See United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir.1991); Browne, 829 F.2d at 764. The Government had a right to present evidence which challenged Spence's trustworthiness as a witness. See Perkins, 937 F.2d at 1406. The district court therefore did not abuse its discretion by denying Spence's motion to preclude the Government from inquiring about the 1983 conviction for receiving a stolen airplane. See id.; see also United States v. Oaxaca, 569 F.2d 518, 527 (9th Cir.) (holding that district court properly allowed impeachment of defendant with both a prior burglary and a prior bank conviction where defendant put his credibility at issue by relying on an alibi defense), cert. denied, 439 U.S. 926 (1978).
 
 II
 1982 Conviction
 
 7
 Spence also argues that the district court abused its discretion by admitting evidence at trial of his 1982 conviction for obstruction of justice because the Government failed to give him advance written notice of its intent to use the conviction, which was over ten years old. This argument is unavailing.
 
 
 8
 Assuming without deciding that the district court erred by allowing the Government to introduce the 1982 conviction, Spence has failed to demonstrate substantial prejudice to be entitled to a reversal. See United States v. Bagley, 772 F.2d 482, 487 (9th Cir.1985) (erroneous district court ruling only requires reversal if defendant shows that a substantial right has been prejudiced), cert. denied, 475 U.S. 1023 (1986). Spence directly placed his credibility in issue by admitting that he committed the charged offense, but under duress by four Jamaican males. Based upon the overwhelming evidence against Spence, his highly implausible explanation for his actions, and his impeachment by the introduction of the 1983 conviction, it is highly unlikely that the jury would have found him credible. See Bagley, 772 F.2d at 488-89. We hold that any error regarding the court's admission of the 1982 conviction was more probably than not harmless. See id. Therefore, Spence's due process argument is without merit.
 
 
 9
 Finally, Spence argues, without any authority, that "the government ... did not provide any specific facts and circumstances regarding the background of the prior conviction, as is [sic] required by F.R.E. 609(b) so that the court could determine if the prior was truly probative." Ninth Circuit precedent makes no such requirement. The district court need only determine that "the probative value 'supported by specific facts and circumstances substantially outweighs its prejudicial effect.' " See United States v. Portillo, 699 F.2d 461, 464 (9th Cir.1982); accord United States v. Murray, 751 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 979 (1985) (sufficient findings of facts and circumstances where court explained that witness credibility was highly probative in order to resolve significant conflict with key government witness and that defense counsel had been allowed wide latitude in impeaching government's key witness). The district court properly articulated the specific facts and circumstances regarding the introduction of Spence's 1982 conviction.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3