131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Rex ROCHELLE, aka Yule Tyrvaldsen aka Y.J.
Tyrvaldsen, Defendant-Appellant.
 No. 96-30329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1997.**
Decided Nov. 19, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon. Ancer L. Haggerty, District Judge, Presiding.
 
 
 2
 Before: NOONAN and HAWKINS, Circuit Judges, and MERHIGE,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Arthur Rochelle appeals his conviction on five counts of wire fraud under 18 U.S.C. § 1343 and the enhancement of the sentence under U.S.S.G. § 2F1.1. We affirm.
 
 
 5
 Rochelle argues that the district court erroneously admitted evidence of two prior convictions for wire fraud. We review a district court's evidentiary rulings under Fed.R.Evid. 404(b) and 609 for an abuse of discretion. United States v. Bracy, 67 F.3d 1421, 1432 (9th Cir.1995); United States v. Browne, 829 F.2d 760, 762 (9th Cir.1987). We review de novo a district court's construction of the Federal Rules of Evidence. United States v. Lorenzo, 43 F.3d 1303, 1308 (9th Cir.1995).
 
 
 6
 First, the district court did not abuse its discretion in admitting Rochelle's 1993 wire fraud conviction under Fed.R.Evid. 404(b) to prove intent. The district court properly applied our four-part test to determine the admissibility of "other acts" evidence and found the 1993 conviction to involve conduct sufficiently similar to the charged conduct. See Bracy, 67 F.3d at 1432. Also, the district court actively balanced the prejudicial effect of the evidence against its probative value under Fed.R. Evid. 403. See United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir.1987) (district court not required to make specific record findings in Rule 403 analysis). Therefore, we hold that the district court did not abuse its discretion in admitting this evidence.
 
 
 7
 Second, we find that the district court erred in admitting Rochelle's 1982 wire fraud conviction as impeachment evidence under Fed.R.Evid. 609(a)(2). A conviction for any crime involving dishonesty or a false statement, such as wire fraud, is admissible under Rule 609(a)(2) without any balancing analysis. If "more than ten years has elapsed since the date ... of the release of the witness from the confinement imposed for that conviction" involving dishonesty, then the evidence is admissible only if the district court makes sufficient findings that the probative value substantially outweighs the prejudicial effect. See Fed.R.Evid. 609(b).
 
 
 8
 Confinement imposed for a substantive probation or parole violation is "confinement" for the original offense within the meaning of Rule 609(b) if the probation or parole violation involves a substantial probation condition and closely parallels the initial criminal activity. United States v. McClintock, 748 F.2d 1278, 1288-89 (9th Cir.1984). As we stated in United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir.1988), technical violations or violations not implicating the original crime do not toll the ten-year limit of Rule 609(b). Because Rochelle's parole was revoked for technical violations (failure to return to the district of supervision and unauthorized possession of firearms) that do not implicate and are not substantially related to the original criminal activity of wire fraud, the 1982 conviction was an old conviction subject to weighing under Rule 609(b).
 
 
 9
 The district court failed to apply "the more exacting requirements of Rule 609(b)," which requires specific findings of facts and circumstances that the probative value of the old conviction substantially outweighs the prejudicial effect. United States v. Portillo, 699 F.2d 461, 464 (9th Cir.1982). Therefore, the district court erred in admitting Rochelle's 1982 conviction as impeachment under Rule 609(a)(2) and Rule 609(b).
 
 
 10
 This error, however, was harmless. See United States v. Erickson, 75 F.3d 470, 479 (9th Cir.), cert. denied, 116 S.Ct. 1853 (1996). The use of the 1982 conviction in cross-examination and in closing argument was minimal. The government presented other evidence undermining Rochelle's credibility and overwhelming evidence that Rochelle engaged in the charged conduct and intended to defraud. Thus, we find it is more probable than not that this error did not affect the jury's verdict.
 
 
 11
 Finally, Rochelle challenges the computation of the amount of loss resulting in an eleven-level increase in his base level offense for the purposes of sentencing. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings supporting application of the Sentencing Guidelines for clear error. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994) (per curiam).
 
 
 12
 The Guidelines require the enhancement of a sentence for a fraud conviction, depending upon the amount of actual or intended loss. U.S.S.G. § 2F1.1. The district court properly computed the intended loss resulting from Rochelle's acts according to the retail price of the products Rochelle ordered from the victim companies. See United States v. Wilson, 900 F.2d 1350, 1356 (9th Cir.1990). Intended loss is limited to the amount that the defendant subjectively intended not to repay only in fraudulent bank loan cases, in which there exists an inherent obligation to repay. See United States v, Alonso, 47 F.3d 1536, 1547 (9th Cir.1995) (interpreting United States v. Shaw, 3 F.3d 311, 313-14 (9th Cir.1993)). Therefore, the district court properly rejected Rochelle's attempt to limit the calculation of "intended loss" to the amount of the educational discount he actually received. The district court did not clearly err in adopting the Presentence Report's calculation of loss and enhancing Rochelle's sentence by eleven levels.
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3