**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eric Byon HILL, Defendant–Appellant.**

**No. 01–50104.**

**D.C. No. CR–00–00091–R–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Sept. 30, 2002.

Before RAWLINSON, Circuit Judge, THOMPSON, Senior Circuit Judge, and SCHWARZER,* Senior District Judge.

### MEMORANDUM **

Eric Byon Hill appeals his conviction of armed robbery of the American Electronics Association Credit Union. Hill was apprehended by police following a high-speed chase from the site of the robbery. About two hours after the robbery, seven eyewitnesses to the robbery were brought individually to view Hill and his accomplices in an in-field show-up at the scene of the terminated pursuit. At trial, the witnesses identified Hill as one of the robbers. He contends that it was error to permit the witnesses to make in-court identification or testify about the in-field show-up because of the suggestiveness and lack of reliability of the procedure.

We disagree. We review *de novo* the district court's ruling denying Hill's motion to preclude in-court identification. *United States v. Love*, 746 F.2d 477, 478 (9th Cir.1984). We have noted that a show-up at the scene of the crime will unavoidably be suggestive of guilt to a certain degree. *United States v. Kessler*, 692 F.2d 584, 585 (9th Cir.1982). Nevertheless, a show-up is permissible unless under a totality of the circumstances the procedure used was so impermissibly suggestive that it created a very substantial likelihood of irreparable misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Here, the officers who conducted the show-up repeatedly admonished the witnesses that they had no obligation to identify anyone, that they should not draw inferences from the custodial status of the suspects, and that it was as important to exonerate an innocent person as to identify a guilty person. Because we perceive no substantial likelihood of misidentification as a result of the procedure, we do not find the show-up to have been impermissibly suggestive. *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *United States v. Monks*, 774 F.2d 945, 956 (9th Cir.1985).

Even were we to find the challenged procedure impermissibly suggestive, admission of the evidence does not violate due process if, under a totality of the circumstances, the in-court identification was sufficiently reliable. *Neil*, 409 U.S. at 199; *Monks*, 774 F.2d at 956. Here, the witnesses were close to the crime and had an opportunity to observe Hill; being exposed to a life-threatening situation, their attention was directed to the robbers; their identification occurred within two hours of the robbery; and, to varying degrees, the witnesses expressed confidence in their identification. *See United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1985). While the degree of certainty of each witness's identification remained an appropriate matter for cross-examination, it was not a basis for excluding the testimony. *See Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Finally, Hill challenges the admission of the testimony of three officers about identifications made by eyewitnesses in the field. Because Hill did not object to the testimony of Agent Kincaid and Detective Carr, review is for plain error and we find

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

no plain error since the witnesses were in court subject to cross-examination. FED. R.EVID. 801(d)(1)(C). For the same reason, we find the admission of Agent Hunter's testimony not to be error. *United States v. Elemy*, 656 F.2d 507, 508 (9th Cir.1981).

We have considered Hill's other contentions, not argued at the hearing, that there was insufficient evidence to establish the Credit Union's federally insured status, *see United States v. Chapel*, 41 F.3d 1338 (9th Cir.1994), and to support the conviction, and find them without merit.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.