**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Shayne Allyn ZISKA, aka Z,**
**Defendant—Appellant.**

**No. 06–50435.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Feb. 25, 2008.

Michael J. Raphael, Esq., Kevin Lally, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Andrew K. Nietor, Esq., Law Offices of Andrew K. Nietor, Suzanne M. Lachelier, Esq., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND,* District Judge.

## MEMORANDUM **

Shayne Allyn Ziska appeals from his bench-trial conviction for racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); aiding and abetting a violent crime in aid of racketeering (VICAR), in violation of 18 U.S.C. §§ 2(a) and 1959(a)(3); and deprivation of rights under color of law, in violation of 18 U.S.C. § 242. He also appeals from the 210–month sentence imposed following his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction but vacate and remand the sentence.

## I

We review for abuse of discretion the district court's admission of rebuttal evidence. *United States v. Antonakeas,* 255 F.3d 714, 724 (9th Cir.2001).

■ The rebuttal testimony of Vincent Cobbald and Ryan Ziska was admissible as impeachment by contradiction.[1] Fed. R.Evid. 607. Ziska opened the door to this rebuttal when his defense witnesses testified that he was opposed to drug use and not a racist. *See United States v. Castillo,* 181 F.3d 1129, 1133–34 (9th Cir. 1999).

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although the government did not argue a theory of impeachment by contradiction before the district court, we may affirm a district court on any ground supported by the record. *See Gilbrook v. City of Westminster,* 177 F.3d 839, 859 (9th Cir.1999).

Ziska contends that admission of the rebuttal testimony violated Federal Rule of Evidence 403. We reject Ziska's claim. Ziska had a bench trial before an experienced district judge, lessening the risk of potential unfair prejudice, if any. *See United States v. Caudle,* 48 F.3d 433, 435 (9th Cir.1995).

## II

Ziska's sufficiency of the evidence claim is without merit. The trial court's credibility determinations are supported by the record. *See United States v. Alvarez,* 358 F.3d 1194, 1201–02 (9th Cir.2004) ("the uncorroborated testimony of co-conspirators is sufficient evidence to sustain a conviction unless 'incredible or unsubstantial on its face.'") (citation omitted).

## III

The parties agree that the district court erred in calculating Ziska's sentence. The court used the guideline for the underlying offense of the § 242 count, U.S.S.G. § 2A2.2, to calculate Ziska's total offense level. It included an eleven-level increase for the use of a dangerous weapon and permanent injury, but U.S.S.G. § 2A2.2(b)(3) limits increases for injury and weapon use to ten levels. Correctly calculated, Ziska's total offense level is 34, not 35. This error requires a remand for resentencing. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006).

We reject Ziska's argument that his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The court imposed the 210–month sentence on Ziska's racketeering and VICAR counts, both of which carry statutory maximum sentences of 20 years. The court imposed a concurrent 120–month sentence on the § 242 count,

the maximum authorized by § 242. There was no *Apprendi* error.

There was also no error in using U.S.S.G. § 2A2.2 to calculate Ziska's total offense level. The court grouped Ziska's counts under U.S.S.G. § 3D1.2 and calculated his combined offense level using the count resulting in the highest offense level, § 242. *See* U.S.S.G. § 3D1.3(a). The sentence imposed is punishment for all of Ziska's criminal conduct, not just his § 242 violation. *See United States v. Spano,* 476 F.3d 476, 478–479 (7th Cir.2007); *United States v. Griffith,* 85 F.3d 284, 289 (7th Cir.1996).

Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.

