

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50336 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-01002-TJH-1 |
| v. | |
| SHAYNE ALLYN ZISKA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: PREGERSON, RIPPLE,** and GRABER, Circuit Judges.

Shayne Ziska was charged in a five-count indictment with conspiracy to

engage in racketeering activities, in violation of 18 U.S.C. § 1962(d) (Count 1),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kenneth F. Ripple, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

two counts of committing a violent crime in aid of racketeering ("VICAR"), in violation of 18 U.S.C. §§ 1959(a)(3) and 2(a) (Counts 2 and 4), and two counts of deprivation of civil rights (Counts 3 and 5), in violation of 18 U.S.C. § 242. Mr. Ziska was tried by the court and convicted on Counts 1, 4 and 5. The district court sentenced Mr. Ziska to 210 months' imprisonment, and he appealed his conviction and sentence. This court affirmed his conviction, but remanded for resentencing because the offense level had been calculated incorrectly; specifically, the probation department had calculated the offense level at 35, but, correctly calculated, his offense level should have been 34. United States v. Ziska, 267 F. App'x 717, 719 (9th Cir. 2008).

On remand, Mr. Ziska represented himself during resentencing, and the district court reimposed a 210-month sentence. Mr. Ziska now appeals his conviction and sentence for a second time.

Mr. Ziska first claims that the Government did not prove that he had the requisite intent to sustain his conviction on Count 4. Mr. Ziska raised the issue of the sufficiency of the evidence on Count 4 in his prior appeal, and that issue was resolved by this court. See id. There has been no intervening change in law, or other exceptional circumstances, that might warrant revisiting our prior determination. See United States v. Scrivner, 189 F.3d 825, 827 (9th Cir. 1999).

Mr. Ziska also maintains that, under this court's case law, his waiver of his right to counsel at resentencing was ineffectual because the district court, at the time of the waiver, failed to apprise him of the maximum penalty he faced. We have held, however, that the district court's failure to apprise the defendant of a specific risk of self-representation does "not necessitate automatic reversal when the record as a whole reveals a knowing and intelligent waiver." United States v. Balough, 820 F.2d 1485, 1488 (9th Cir. 1987); see also United States v. Gerritsen, 571 F.3d 1001, 1010 (9th Cir. 2009) (observing that "[t]he Supreme Court has directed us to take a 'pragmatic approach to the waiver question,' and we are mindful of its warning not to establish rigid requirements that must be met before a defendant is deemed to have effectively waived counsel" (quoting Iowa v. Tovar, 541 U.S. 77, 90 (2004))). Our review of the record as a whole convinces us that Mr. Ziska knowingly, intelligently and voluntarily waived his right to counsel on resentencing.

Finally, Mr. Ziska takes issue with various aspects of the district court's offense-level calculation. Whether Count 5 is considered an act in furtherance of the conspiracy charged in Count 1 or whether it is considered one of a group of related convictions, Mr. Ziska's conviction on Count 5 provides the basis for determining his sentence because it yields the greatest offense level. See U.S.S.G.

§§ 2E1.1(a)(2) cmt. n.1, 3D1.2 (2005). With respect to that count, the presentence report correctly identified U.S.S.G. § 2A1.1 as the most analogous guideline to the conduct established by the offense of conviction--the assault on Nathan Johnson.

Additionally, the district court did not err when it applied the seven-level increase for permanent bodily injury under U.S.S.G. § 2A2.2(b)(3) without making specific findings as to the permanency of Johnson's injury. See Fed. R. Crim. P. 32(i)(3)(B). Mr. Ziska did not present to the district court any evidence calling into question the nature of Johnson's injuries; consequently, there was no factual dispute for the district court to resolve on the record. See United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir. 2008) (stating that "[o]nly specific factual objections trigger [the requirements of] Rule 32(i)(3)(B)" to resolve disputes on the record).

Finally, the district court did not plainly err in increasing Mr. Ziska's offense level by two units pursuant to U.S.S.G. § 3D1.4 for the assaults on Johnson and Mark Krueger. We cannot determine that the district court's reliance on the assaults as underlying racketeering activity was "so clear-cut" or "so obvious" that "a competent district judge should be able to avoid [the error] without benefit of objection." United States v. Klinger, 128 F.3d 705, 712 (9th Cir. 1997) (quotation marks and citation omitted).

AFFIRMED

4