**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JOSHUA JAKE WHITE,

            Petitioner-Appellee,

v.

MARK NOOTH,

            Respondent-Appellant.

No.    18-35562

D.C. No. 2:16-cv-00323-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted May 13, 2019
Portland, Oregon

Before:  N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

The State appeals the district court's grant of Joshua White's petition for

habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

§ 1291, and we reverse and remand with instructions to deny White's petition.

White has not demonstrated cause to excuse the procedural default

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

stemming from his post-conviction counsel's failure to assert an ineffective assistance of trial counsel (IATC) claim based on trial counsel's failure to object to testimony that a nurse recommended the victim receive "counseling to deal with the issue of sexual abuse."[1]

Procedural default bars federal habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, White must demonstrate that post-conviction counsel "was ineffective under the standards of *Strickland*." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In evaluating the performance of post-conviction counsel, the court must recognize that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective . . . advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).

---

[1]White concedes that his claim is procedurally defaulted. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); Or. Rev. Stat. § 138.550(3).

Here, White has failed to show that post-conviction counsel was ineffective in failing to raise the IATC claim, as it was reasonable for post-conviction counsel to conclude that the claim was unlikely to succeed.

This court has emphasized that trial counsel cannot "be required to anticipate" a change in the law, "because [counsel's] conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). At the time of White's trial, the nurse's statement was admissible under binding Oregon appellate caselaw. *See State v. Sanchez-Cruz*, 33 P.3d 1037, 1045 (Or. Ct. App. 2001); *State v. Wilson*, 855 P.2d 657, 661 (Or. Ct. App. 1993). Thus, post-conviction counsel could have reasonably determined that trial counsel was not required to make a fruitless objection, *see Miller v. Keeney*, 882 F.2d 1428, 1434–35 (9th Cir. 1989), or to anticipate a subsequent change in the law, *see Lowry*, 21 F.3d at 346.[2]

[2]Although the district court determined that "it was the prevailing professional norm, at the time of [White's] trial, to object . . . to the admissibility of diagnoses of child sexual abuse absent physical evidence," such "[p]revailing norms of practice . . . are guides to determining what is reasonable, *but they are only guides*." *See Strickland*, 466 U.S. at 688 (emphasis added).

3

Additionally, because White was convicted in a bench trial, post-conviction counsel could reasonably "assume that any questionable evidence [was] disregarded." *State v. Cafarelli*, 456 P.2d 999, 1001 (Or. 1969); *see also United States v. Caudle*, 48 F.3d 433, 435 (9th Cir. 1995) ("[I]t would be most surprising if [allegedly improper evidence] had any significance in a bench trial.").[3] Indeed, there is no indication in the record that the trial court relied on the nurse's testimony in reaching its conclusions, and the probative value of the testimony is questionable. The nurse testified only that she recommended "counseling to deal with the issue of sexual abuse," and she ultimately assessed the victim only as "highly concerning for sexual abuse," which, as explained by White, means that the "evaluator *does not have enough information to conclude that a child has been sexually abused*." Accordingly, post-conviction counsel could have reasonably determined that White's IATC claim had little likelihood of success and winnowed it out in favor of those more likely to prevail.

---

[3]Oregon's appellate courts have found the admission of vouching testimony by an abuse evaluator during a bench trial to be prejudicial on a few occasions. *See State v. Potts*, 255 P.3d 614, 615 (Or. Ct. App. 2011) (per curiam); *State v. Davilia*, 244 P.3d 855, 860 (Or. Ct. App. 2010); *State v. Marrington*, 73 P.3d 911, 916–17 (Or. 2003). However, post-conviction counsel could have reasonably determined that those cases are distinguishable, because the trial court here never referred to the nurse's medical recommendation or asked the nurse questions about it, and none of the nurse's testimony directly addressed the victim's credibility.

**REVERSED and REMANDED**.